MAX ROSEN, Plaintiff-Respondent, v. ABRAHAM E. BAMBERGER, Defendant-Appellant.

(Supreme Court, Appellate Term, April, 1910.)

Evidence — Parol evidence — General rules — Varying or contradicting wiiting — Explaining ambiguities.

Where from a lease, by the terms of which the landlord agreed to pay the expense of "keeping the main water supply, sewer, tank and gas pipes leading to and from the lofts hereby let in good condition," and make all necessary outside repairs, it is not clear whether the parties meant to include in the "main water supply" a pump on the premises used to drive water to a tank on the roof from which it was distributed to the leased premises, evidence of prior negotiations between the parties is admissible to determine the actual meaning of the words and expressions used in the context; and for that purpose the landlord, in an action by the tenant to recover the cost of repairs to the pump, should be allowed to identify the unexecuted draft of a lease which specifically provided for repairs to the pump by the landlord, to show that the parties had cut out this provision because the obligation to repair was to be imposed upon the tenant and the words of the executed lease were used with that intent.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, rendered in favor of the plaintiff.

Hoadly, Lauterbach & Johnson (Henry Siegrist, Jr., and F. R. Minrath, of counsel), for appellant.

Abraham R. Sarasohn, for respondent.

Lehman, J.   The plaintiff has recovered a judgment for the cost of repairs to a pump upon premises leased by him from the defendant.   It appears that the plaintiff leased four stories of a loft building from the defendant and that the pump was within the premises occupied by the plaintiff and was operated by him for the purpose of pumping water to a tank on the roof from which it was distributed to his premises by the force of gravity.   Under the lease the defendant agreed to pay the expense of " keeping the main water supply, sewer, tank and gas pipes *leading to and from the lofts hereby let* in good condition, and that he will keep the hoist now in said premises in good working order, and will do any and all other outside repairs that may be necessary."   It does not clearly appear from the lease itself whether the parties meant to include in the " main water supply " a pump on the premises occupied by the plaintiff but used for the purpose of driving water to the tank which was the base of supply for these premises.   Under these circumstances evidence of prior negotiations was admissible to determine the actual meaning of the words and expressions used in the context.   For that purpose the defendant should have been allowed to identify the unexecuted draft of a lease which specifically provided for repairs to the pump by him, to lay the foundation for testimony which might show that the parties had cut out this provision, because the obligation to repair was to be imposed upon the plaintiff, and that they used the words of the executed lease with that intent.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Seabury and Gavegan, JJ., concur.

Judgment reversed.